UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JERRY M.L.K. McNEILL,
    Petitioner,

v.

STATE OF CONNECTICUT,
    Respondent.

No. 3:18-cv-731 (SRU)

## ORDER

Jerry M.L.K. McNeill ("McNeill"), currently confined at Hartford Correctional Center in Hartford, Connecticut, filed this action *pro se* seeking a writ of prohibition against the state court to prevent his prosecution in state court. McNeill contends that he is a sovereign, not a statutory, person and that the state courts lack jurisdiction over him.

The issuance of writs by the federal courts is governed by 28 U.S.C. § 1651. Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. That section has been interpreted to permit federal courts to issue writs of prohibition directed only to lower federal courts. *See, e.g.*, *Johnson v. State of Washington*, 2006 WL 2076565, at *1 (W.D. Wash. July 24, 2006) ("In general, a writ of prohibition may not be brought in a federal district court to prohibit actions by a state court."); *Londono-Rivera v. Virginia*, 155 F. Supp. 2d 551, 559 n.4 (E.D. Va. 2001) ("a federal district court cannot issue a writ to a state court"); *Siler v. Storey*, 587 F. Supp. 986, 987 (N.D. Tex. 1984) ("Writs of prohibition traditionally have been used by *appellate* courts to exert

their revisory powers over inferior courts, but it is not an appropriate remedy to control jurisdiction of other, nonsubordinate courts."); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (explaining that federal court of appeals generally cannot use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation).

The Connecticut state courts are not inferior courts to this court. Thus, the court lacks jurisdiction to issue a writ of prohibition against the state court.

The petition will not be interpreted as seeking a writ of habeas corpus filed under 28 U.S.C. § 2254. Before filing such a writ, McNeill must exhaust all available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied if the federal issues have been properly and fairly presented to the highest state court by collateral attack or direct appeal. *See O'Sullivan*, 526 U.S. at 843. McNeill alleges no facts suggesting that he has exhausted his state court remedies and the state judicial branch website shows that McNeill's criminal case has not concluded and he has filed no petitions for writ of habeas corpus in state court. *See* www.jud2.ct.gov/crdockets and civilinquiry.jud.ct.gov/PartySearch.aspx (last visited July 26, 2018). Thus, it would be premature to construe McNeill's petition as seeking habeas corpus relief.

Moreover, to the extent that McNeill is seeking to remove his state criminal prosecution to federal court, his request fails. If a state-court defendant seeks to remove a pending criminal prosecution to federal court, he must comply with the requirements in 28 U.S.C. § 1455. That statute requires that he file a notice of removal in federal court no later than thirty days after he is arraigned in state court "or at any time before trial, whichever is earlier," and must include all grounds for removal. 28 U.S.C § 1455(b). In addition, the petition must include a copy of all

2

process, pleadings and orders served on the petitioner in the state criminal action. 28 U.S.C. § 1455(a). McNeill alleges that he was arraigned in December 2017, five months before he commenced this action. *See* Compl., at ¶ 5. Thus, any removal would be untimely. In addition, he fails to provide the proper documentation.

## CONCLUSION

The petition is **DISMISSED**. The Clerk is directed to enter judgment for respondent and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of August 2018.

 /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge